# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| STEPHEN KONSTENIUS, | ) 1:07 CV 01100 AWI WMW HC )  |
| Petitioner, | ) FINDINGS AND RECOMMENDATIONS RE ) MOTION TO DISMISS PETITION FOR WRIT ) OF HABEAS CORPUS )  |
| v. | ) [Doc. 8] ) |
| UNITED STATES OF AMERICA, | )  )  |
| Respondent. | ) ) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.   Pending before the court is Respondent's motion to dismiss.

**PROCEDURAL HISTORY**

Petitioner was convicted on January 31, 1992, in the Eastern District of Michigan, of six counts relating to the importation and illegal possession of L-ephedrine.  The United States Court of Appeals for the Sixth Circuit affirmed his conviction and sentence.

Petitioner filed a motion pursuant to 28 U.S.C. Section 2255 alleging that his counsel had been ineffective in various ways.  United States v. Konstenius, 2001 WL 1219091 (E.D. Mich. 2001).  The district court denied the motion.  Id.  After the Supreme Court decided Richardson v. United States, 526 U.S. 813 (1999), Konstenius received permission from the Sixth Circuit to file a second Section 2255 motion.  In it, he argued that his Continuing Criminal Enterprise

1

("CCE") conviction was unconstitutional under Richardson because his jury had not been told that it had to be unanimous about the identity of the three drug offenses in the continuing series of violations required for a CCE conviction. Id. The district court rejected the argument on both substantive and procedural grounds. Id.

Petitioner filed the present petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2241 on July 30, 2007.

## DISCUSSION

Respondent moves to dismiss this petition on the grounds that the court cannot give Petitioner the relief he seeks, and that Petitioner may not seek to challenge his conviction or sentence pursuant to 28 U.S.C. Section 2241.

Recall of the Mandate

Petitioner asks this court to "recall the mandate" and alter his sentence. Petitioner relies on Carrington v. United States, 470 F.3d 920 (9th Cir. 2006), in which the Court of Appeal found that extraordinary circumstances existed to warrant recall of the mandate. As Respondent explains in its motion to dismiss, this court has no mandate to recall. The mandate is a document issued by the Court of Appeals that transfers jurisdiction over a case back to the district court. Ellis v. District Court, 360 F.3d 1022, 1023 (9th Cir. 2004) (en banc). Once the Court of Appeals issues its mandate, it cannot take up a case again unless it recalls its mandate. Thus, Petitioner's request that this court recall the mandate is meaningless. Further, Carrington v. United States, 470 F.3d 920 (9th Cir. 2006), the case relied upon by Petitioner, was withdrawn by the court and superseded by Carrington v. United States, 503 F.3d 888 (9th Cir. 2007)(finding that extraordinary circumstances did not exist, and noting Booker is not retroactive and is not by itself sufficient to justify a recall of the mandate in cases finalized before Booker was decided).

As Respondent argues, if Petitioner wishes to have his mandate recalled, he must address that request to the Sixth Circuit. Even if he were successful in convincing the Sixth Circuit to recall its mandate, reconsider its decision affirming his sentence, and order a resentencing, this court would still lack jurisdiction over the matter. The Sixth Circuit would remand the case to the Eastern District of Michigan for resentencing, not to this court. Accordingly, this court

concludes that Petitioner fails to state a claim for relief which this court can grant.

<u>Habeas Corpus Petition Pursuant to 28 U.S.C. Section 2241</u>

Respondent argues that although this action is styled as a habeas corpus petition pursuant to 28 U.S.C. Section 2241, the petition does not explain how the court's habeas corpus jurisdiction could apply here. In this action, Petitioner seeks modification of his sentence. A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir.1988); <u>Thompson v. Smith</u>, 719 F.2d 938, 940 (8th Cir.1983); <u>In re Dorsainvil</u>, 119 F.3d 245, 249 (3rd 1997); <u>Broussard v. Lippman</u>, 643 F.2d 1131, 1134 (5th Cir.1981). In such cases, only the sentencing court has jurisdiction. <u>Tripati</u>, 843 F.2d at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. <u>Grady v. United States</u>, 929 F.2d 468, 470 (9th Cir.1991); <u>Tripati</u>, 843 F.2d at 1162; <u>see also</u> <u>United States v. Flores</u>, 616 F.2d 840, 842 (5th Cir.1980).

A federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 *if* he can show that the remedy available under § 2255 is "inadequate or ineffective to test the validity of his detention." <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864-5 (9th Cir.2000); <u>United States v. Pirro</u>, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255). The Ninth Circuit has recognized that it is a very narrow exception. <u>Id</u>; <u>Ivy v. Pontesso</u>, 328 F.3d 1057 (9th Cir. 2003) (a petitioner must show actual innocence *and* that he never had the opportunity to raise it by motion to demonstrate that § 2255 is inadequate or ineffective); <u>Aronson v. May</u>, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255 inadequate.); <u>Lorentsen v. Hood</u>, 223 F.3d 950, 953 (9th Cir. 2000) (same); <u>Tripati</u>, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears bias or unequal treatment do not render a § 2255 petition inadequate); <u>Williams v. Heritage</u>, 250 F.2d 390 (9th Cir.1957); <u>Hildebrandt v. Swope</u>, 229 F.2d 582 (9th Cir.1956); <u>see</u>, <u>United States v. Valdez-Pacheco</u>, 237 F.3d 1077 (9th Cir. 2001) (procedural requirements of § 2255 may not be circumvented by invoking the All Writs Act, 28 U.S.C. § 1651). The burden is on the petitioner to show that the remedy is inadequate or

1  ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

2      In this case, Petitioner argues only that the procedural limitations of the AEDPA prevent
3  him from using Section 2255 to challenge his sentence. This is insufficient to support Petitioner
4  proceeding in this action to modify his sentence under Section 2241. See Moore v. Reno, 185
5  F.3d 1054, 1055 (9th Cir.1999) (per curium) (holding that the AEDPA's filing limitations on
6  § 2255 Motions does not render § 2255 inadequate or ineffective). Accordingly, the court
7  concludes that Petitioner has failed to carry his burden to demonstrate that the remedy available
8  under Section 2255 is inadequate or ineffective.

10      Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:
11  1)    That Respondent's motion to dismiss be GRANTED;
12  2)    That this petition for writ of habeas corpus be DISMISSED for failure to state a claim;
13  3)    That the Clerk of the Court be directed to enter judgment for Respondent and to close this
14      case.

18      These Findings and Recommendation are submitted to the assigned United States District
19  Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of
20  the Local Rules of Practice for the United States District Court, Eastern District of California.
21  Within thirty (30) days after being served with a copy, any party may file written objections with
22  the court and serve a copy on all parties. Such a document should be captioned "Objections to
23  Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served
24  and filed within ten (10) court days (plus three days if served by mail) after service of the
25  objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636
26  (b)(1)(C). The parties are advised that failure to file objections within the specified time may
27  waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.
28  1991).

1  IT IS SO ORDERED.

2  **Dated:   June 4, 2008**              /s/  William M. Wunderlich
                                    UNITED STATES MAGISTRATE JUDGE