# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN KONSTENIUS, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | 1:07 CV 01100 AWI WMW HC <br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING MOTION TO DISMISS, AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS <br><br> [Doc. 8, 12] |

    Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

    On June 4, 2008, the Magistrate Judge filed findings and recommendations herein.  These findings and recommendations were served on the parties and contained notice to the parties that any objections to the findings and recommendations were to be filed within thirty days. Petitioner filed objections on June 25, 2008.

    In accordance with the provisions of 28 U.S.C. § 636 (b)(1)C) this court has conducted a de novo review of this case.   See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983).  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.    In the objections,

1

1   Petitioner claims it is unfair that he is deprived of any way to review his sentence because he has
2   been deprived of the opportunity to file a habeas corpus petition pursuant to Section 2241 or
3   Section 2255.   Petitioner is mistaken.   Petitioner already has  had the opportunity to file two
4   Section 2255 petitions.   As correctly discussed by the Magistrate Judge, 28 U.S.C. § 2255
5   provides the exclusive procedure by which a federal prisoner may test the legality of his
6   detention.  Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000).   Because Section 2255 is not
7   ineffective to test the validity of Petitioner's sentence, this court lacks jurisdiction to grant
8   Petitioner relief through 28 U.S.C. § 2241.  See Moore v. Reno, 185 F.3d 1054, 1055 (9th
9   Cir.1999) (per curiam).   Petitioner's basic contention is that his sentence should be reduced now
10  that the federal sentencing guidelines are no longer mandatory.   However, Petitioner's 1992
11  sentence cannot be re-visited under Booker and its progeny.   See United States v. Cruz, 423 F.3d
12  1119, 1121 (9th Cir.2005) (holding that " Booker is not retroactive, and does not apply to cases on
13  collateral review where the conviction was final as of the date of Booker's publication").   Thus,
14  Petitioner would be unable to obtain the relief he seeks in either a Section 2241 or Section 2255
15  petition.

16          Petitioner may seek to appeal from the judgment of the court in this case.   Petitioner
17  cannot proceed on such an appeal absent a certificate of appealability.   The controlling statute, 28
18  U.S.C. § 2253, provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> (B) the final order in a proceeding under section 2255.
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28          In the present case, the court finds no denial of a constitutional right.   Accordingly, a

certificate of appealability will be denied.

     Based on the foregoing, it is HEREBY ORDERED that:

1. The findings and recommendations issued by the Magistrate Judge on June 4, 2008, are a adopted in full;
2. Respondent's motion to dismiss is GRANTED;
3. The Petition for Writ of Habeas Corpus is DISMISSED for failure to state a claim;
4. A certificate of appealability is DENIED;
5. The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:   July 16, 2008**          /s/ Anthony W. Ishii
                                                 CHIEF UNITED STATES DISTRICT JUDGE